UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Campbell-Sevey, Inc.,  Civil No. 08-6284 (DWF/FLN)

    Plaintiff,

v.  **REPORT AND RECOMMENDATION**

Delta-T Corporation and
Bateman Litwin, N.V.,

    Defendants and
    Third-Party Plaintiffs.

_____

Anthony N. Kirwin for Plaintiff.
Arthur G. Boylan, Stephen H. Barrows for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on July 2, 2010 on Plaintiff's Motion for Entry of Final Judgment Under Rule 54(b) [#121]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends that Plaintiff's Motion for Entry of Final Judgment Under Rule 54(b) [#121] be **GRANTED**.

## I. BACKGROUND

The facts of this case are set forth in detail in the Report and Recommendation of February 18, 2010, which was adopted by District Court Judge James Rosenbaum on April 2, 2010. (Doc. Nos. 111, 116.) The Court granted Plaintiff Campbell-Sevey's motion for summary judgment against Defendants Delta-T Corporation ("Delta-T") and Bateman Litwin ("Bateman") in part and denied summary judgment in part as follows:

1.  Campbell-Sevey is entitled to summary judgment against Delta-T on the April 2008 Payment Agreement in an amount totaling $646,998.73 plus interest at a rate of one percent per month through the date of this Report and

> Recommendation. Campbell-Sevey is also entitled to Campbell-Sevey's out-of-pocket expenses related to enforcing the agreement, including attorneys' fees and costs.
>
> 2. Campbell-Sevey is entitled to summary judgment against Delta-T on the Brawley Purchase Orders in the amount of $1,545,734.28.
>
> 3. Campbell-Sevey is entitled to summary judgment against Bateman on the Guaranty to the extent it applies to the April 2008 Payment Agreement, for an amount totaling $646,998.73 plus interest at a rate of one percent per month through the date of this Report and Recommendation.
>
> 4. Campbell-Sevey is entitled to summary judgment against Bateman on the extra service hours claims, for an amount totaling $38,280.00, plus attorneys' fees and costs related to the extra service hours claims.
>
> 5. Campbell-Sevey is also entitled to recover from Bateman its reasonable out-of-pocket expenses related to enforcing the Bateman Guaranty and the April 2008 Payment Agreement, including attorneys' fees and costs.
>
> 6. Campbell-Sevey is not entitled to summary judgment on the issue of whether the Bateman Guaranty extends to the Brawley Purchase Orders. Therefore, at this time, Campbell-Sevey may not recover against Bateman for attorneys' fees or costs relating to enforcing the Brawley Purchase Orders.
>
> 7. Campbell-Sevey is not entitled to summary judgment on the Delta-T counterclaim.

(Doc. No. 111 at 27-28, citations omitted.) Essentially, the Court granted summary judgment to Campbell-Sevey on each of Campbell-Sevey's three affirmative claims against Delta-T. These claims were for payment under: 1) the April 2008 Payment Agreement "Payment Agreement;" 2) the Brawley Purchase Orders; and 3) the extra service hours. Then, with respect to Campbell-Sevey's argument that the Bateman Guaranty covered all three of these claims, the Court granted summary judgment to Campbell-Sevey against Bateman only as to the Guaranty's coverage of the Payment Agreement and the extra service hours – not as to the Brawley Purchase Orders.

When Campbell-Sevey first made this motion for entry of final judgment, it requested final judgment against both Delta-T and Bateman. Now, however, Delta-T is in bankruptcy proceedings and all matters with respect to Delta-T are stayed.[1] Consequently, Campbell-Sevey has temporarily abandoned its request as to Delta-T and is at this time asking the Court to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b) only as to Campbell-Sevey's claims against Bateman on: 1) the Guaranty of the Payment Agreement for $646,998.73 plus interest at a rate of one percent per month through February 18, 2010; and 2) the Guaranty of $38,280 for extra service hours.[2]

## II. DISCUSSION

Federal Rule of Civil Procedure 54(b) provides, in pertinent part:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). Under the United States Supreme Court's interpretation of Rule 54(b), determining whether entry of final judgment is appropriate requires a two-step analysis. *In re Flight Transp. Corp. Securities*, 825 F. 2d 1249, 1250 (8th Cir. 1987) (citing *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 3, 7-8 (1980); *see also Northwest Airlines, Inc. v. Astraea Aviation Svcs., Inc.*, 930 F. Supp. 1317, 1323 (D. Minn. 1996). First, the Court must "determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is

---

[1] The parties agree that the automatic bankruptcy stay resulting from Delta-T's Virginia bankruptcy proceedings preclude entry of final judgment against Delta-T. *See* 11 U.S.C. § 362(a). All claims made by Delta-T against any other party are stayed pending a decision by the Bankruptcy Trustee regarding whether or not to pursue those claims in this Court. Final Pretrial Order [#131].

[2] At this time, Campbell-Sevey does not request that final judgment be entered for attorneys fees with respect to any claim, and Bateman does not object to this request. Therefore, the Court will not reach the issue of attorneys fees at this time.

3

a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright*, 446 U.S. at 7. Second, the Court must determine if there is any just reason for delaying the entry of judgment. *Id.* at 8.

The finality prong of the analysis has been found satisfied "when the district court has disposed of all the rights and liabilities of at least one party to at least one claim." *Northwest Airlines*, 930 F. Supp. 1324. As the court discussed in *Northwest Airlines*, the definition of "claim" has "given rise to much debate," explaining:

> A number of Circuits have determined that "claim" in the context of Rule 54(b) means the set of operative facts which give rise to an enforceable right. *See, e.g., General Acquisition, Inc. v. GenCorp, Inc.,* 23 F.3d 1022, 1028 (6th Cir.1994) (citations omitted); *Hudson River Sloop Clearwater, Inc. v. Department of Navy,* 891 F.2d 414, 418 (2d Cir.1989); *Minority Police Officers Ass'n v. City of South Bend,* 721 F.2d 197, 200-01 (7th Cir.1983). The Eighth Circuit appears to use a "same nucleus of operable fact" definition of a claim. *Reyher v. Champion Int'l Corp.,* 975 F.2d 483, 487 (8th Cir.1992) (quoting *Ruple v. City of Vermillion,* 714 F.2d 860, 861 (8th Cir.1983), *cert. denied,* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984)). However, the Supreme Court has explicitly rejected the proposition that claims can never be separate for Rule 54(b) purposes if they arise out of the same factual setting. *See Minority Police Officers,* 721 F.2d at 200 (citing *Sears, Roebuck,* 351 U.S. at 436, 76 S.Ct. at 900; *Cold Metal Process Co. v. United Eng. & Foundry Co.,* 351 U.S. 445, 451-52, 76 S.Ct. 904, 908-09, 100 L.Ed. 1311 (1956)).

*Id.* Thus, courts may find that claims in a particular case may be separate for 54(b) purposes even if the claims have some factual overlap. *Id.*; *see also Minority Police Officers*, 721 F.2d at 200 ("If we had our druthers we would hold that claims were never separate for Rule 54(b) purposes if they arose out of the same factual setting, but the Supreme Court rejected this approach in [*Mackey*] and [*Cold Metal Process*].")

Here, Bateman argues that Campbell-Sevey's claim alleging breach of the Bateman Guaranty must be treated as one claim for Rule 54(b) purposes, as the claim is set forth in the

4

Complaint as a single count (Count III) and as Count III groups all alleged damages under the single umbrella of the Guaranty. (Mem. Opp. at 2.)

In response, Campbell-Sevey argues that the Court's disposition of Bateman's liability under the Guaranty for Delta-T's obligations under the Payment Agreement and for extra service hours is a final judgment because while the ultimate scope of Bateman's liability to Campbell-Sevey is based on the Bateman Guaranty, the nucleus of operative facts surrounding Bateman's liability for obligations under the Payment Agreement (and for extra service hours) is different from those facts surrounding Bateman's obligations under the Brawley Purchase orders. (Mem. Supp. at 8.)

The Court concludes that Campbell-Sevey's claims under the Bateman Guaranty for amounts owed under the Payment Agreement and for extra service hours are indeed separate claims for purposes of Rule 54(b). *Northwest Airlines* is instructive on this point. In that case, the court considered multiple breach of contract claims that appeared to be based on the same nucleus of operable fact. 930 F. Supp. at 1324-25. Nevertheless, because the factual overlap was not complete, the court found that the claims were separate. *Id.* Here, Campbell-Sevey contends that the Bateman Guaranty, which consists of one document, guarantees Delta-T's obligations on three separate claims – the Payment Agreement, the extra service hours, and the Brawley Purchase Order claims. Obviously, since the Guaranty is at issue with respect to each of these three claims against Delta-T, some factual overlap exists between these claims. However, as in *Northwest Airlines*, the factual overlap is not complete. First, the Payment Agreement (concerning a payment schedule for past due purchase orders that expressly excluded the Brawley orders) and the claim for extra service hours (concerning the Riga, Madrid and Pinal ethanol plants) depend on a nucleus of facts entirely separate from the issues involved with the

5

Brawley Purchase orders (concerning two purchase orders for equipment and services related to an ethanol plant in Brawley, California.) Second, with respect to the Payment Agreement and the extra service hours, the Court found that the plain language of the Guaranty warranted coverage of Delta-T's obligations.³ In contrast, with respect to the Brawley Purchase Orders, the Court found that the language of the Guaranty was ambiguous as to whether the Guaranty covered the Brawley Purchase Orders. This issue is one of two remaining for trial, and will of necessity require an examination of parole evidence relating to the formation of the Guaranty agreement. As such, the material facts relating to the Brawley Purchase Orders do not overlap with the material facts relating to the Payment Agreement and extra service hours. Put another way, success on Campbell-Sevey's claim against Bateman for Guaranty of the Brawley Purchase Orders requires proof of different facts than Campbell-Sevey's claim for Guaranty of the Payment Agreement and the extra service hours. *See Northwest Airlines*, 930 F. Supp at 1324. Thus, the April 2, 2010 Order adopting the February 18, 2010 Report and Recommendation finally determined all of the issues with respect to Campbell-Sevey's claims against Bateman for Guaranty of the Payment Agreement and the extra service hours.

As the Court finds that Campbell-Sevey's claims against Bateman for Guaranty of the Payment Agreement and extra service hours are separate and final claims for Rule 54(b) purposes, and as the Court further finds that there is no just reason to delay entry of judgment with respect to these final claims, Campbell-Sevey's motion should be granted.

---

³ Campbell Sevey notes that Bateman did not formally object to the findings of the Report and Recommendation with respect to the Payment Agreement and the extra service hours, which arguably waives any appeal Bateman may wish to make with respect to these issues. *United States v. Wise*, 588 F. 3d 531, 538 n.5 (8th Cir. 2009).

## III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Entry of Final Judgment Under Rule 54(b) [#121] be **GRANTED** as follows:

1. The Court should enter final judgment under Rule 54(b) against Bateman for its Guaranty of $646,998.73 owed by Delta-T under the Payment Agreement.

2. The Court should enter final judgment under Rule 54(b) against Bateman for its Guaranty of for $38,280.00 owed by Delta-T for extra service hours.

3. The Court should enter final judgment under Rule 54(b) against Bateman for its Guaranty of $168,896.60 owed by Delta-T in interest under the Payment Agreement.

The Court recommends that **JUDGMENT BE ENTERED ACCORDINGLY**.

DATED: July 16, 2010　　　　　　　　　　　　　*s/ Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 30, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 30, 2010** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.